Mr. Justice Johnson
delivered the opinion of the court:
The defendant is concluded on the first ground of the present motion by the finding of the jury ; not solely, because it was a question exclusively within their province, but the probabilities are, I think, on that side of the question. I should not feel disposed to lend too ready an ear to a charge against a man for embezzling property committed to his care; and the possibility that there might have been some inaccuracy in measuring the rice at the barn or mill, neither of the measures being stamped, or that it might have been purloined in its transportation from the barn to the landing, furnish strong reason in aid of the verdict.
2nd. The general rule is, that an open running account does hot carry interest. (1 H. Black. 305. Newell *128 vs. Greswold, 6 Johns. 45.) And if the conversa of this position is good, it follows that those that are liquidated will; but what act will constitute such a liquidation, is perhaps a question of some nicety, and one about which it would be impossible to lay down any rule which would not be subject to exceptions as numerous almost as the cases which would arise under it. As a good general rule, it may be safety laid down that any note, acknowledgment, or memorándum in writing, fixing with precision the amount due, and the time of payment, will be such a liquidation. Thus a letter of credit which stipulated for the time of payment was held to entitle the plaintiff to interest on the amount of his account. (3 Wilson, 205.) So in the case of Walden and al. vs. Sherburn, et. al.— (15 Johnson, 409,) an account rendered, to which no objection was made, was held to be a liquidation, and to carry interest. (See also 3 Caines’, 234. J The . order drawn by lie Queen on the defendant, for the amount of the freight is, within the rule, a, liquidation of the account, if he acted in the business under her authority ; and I think the proof of his agency is satisfactory.— He was her óverseer, and in that character the preparation of the rice for market devolved on him. In his note to her, he states that the contract was made, and the price fixed by him ; and although her answer does not contain an express recognition of his authority ; yet it is sb strongly implied as to be irresistable. Independent of this circumstance, the letter addressed to the plaintiff by the defendant in answer to his demand for the amount, brings the case within the rule laid down. It contains no objection to the account presented, either as to the amount or time of payment, but claims a discount which the jury have found to be without foundation.
Ford fy De Saussure, for the motion.
Hunt, contra*
The motion is discharged.
Justices Noil, Gantt, Colcock and Richardson, concurred.